IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CIENEGA GARDENS APTS., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 94-1 |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

SETTLEMENT AGREEMENT

For the purpose of disposing of plaintiffs' claims, without any further judicial proceedings and without constituting an admission of liability on the part of any party, and for no other purpose, the parties stipulate and agree as follows:

1. This Settlement Agreement relates to all claims in the following cases:

a. Independence Park Apartments, et al. v. United States, No. 94-10001
b. Blossom Hill Apartments v. United States, No. 94-10013
c. Cienega Gardens Apartments, et al. v. United States, No. 94-00001
d. Del Amo Gardens v. United States, No. 94-10004
e. Las Lomas Gardens v. United States, No. 94-10009
f. Skyline View Gardens v. United States, No. 94-10029
g. Claremont Village Commons v. United States, No. 94-10002
h. Covina West Apartments v. United States, No. 94-10003
i. Del Vista Village v. United States, No. 94-10005
j. DeSoto Gardens v. United States, No. 94-10006
k. Kittridge Gardens I v. United States, No. 94-10007
l. Kittridge Gardens II v. United States, No. 94-10008
m. Oxford Park Apartments v. United States, No. 94-10010
n. Parthenia Townhomes v. United States, No. 94-10020
o. Pioneer Gardens v. United States, No. 94-10030
p. Puente Park Apartments v. United States, No. 94-10040
q. Argonnaut Apartments v. United States, No. 94-10011
r. Beck Park Apartments v. United States, No. 94-10012
s. Casa San Pablo v. United States, No. 94-10014
t. Central Park Apartments v. United States, No. 94-10015
u. Drehmoor Apartments v. United States, No. 94-10016
v. Fairview Green Apartments v. United States, No. 94-10017
w. Genessee Park Apartments v. United States, No. 94-10018
x. Grace & Laughter Apartments v. United States, No. 94-10019

y. Green Hotel v. United States, No. 94-10021
z. Hollywood Knickerbocker Apartments v. United States, No. 94-10022
aa. Hollywood Plaza v. United States, No. 94-10023
bb. Kings Canyon Apartments v. United States, No. 94-10024
cc. Lawrence Road Apartments v. United States, No. 94-10025
dd. Livermore Gardens v. United States, No. 94-10026
ee. Palo Alto Gardens v. United States, No. 94-10027
ff. Placita Garden Apartments v. United States, No. 94-10028
gg. Rayen Park Apartments v. United States, No. 94-10050
hh. Reseda Park Apartments v. United States, No. 94-10060
ii. Roscoe Park Apartments v. United States, No. 94-10070
jj. San Jose Gardens v. United States, No. 94-10080
kk. Sunland Park Apartments v. United States, No. 94-10090
ll. Villa Fontana v. United States, No. 94-10031
mm. Village Green v. United States, No. 94-10032

which includes all claims brought by the following 42 separate partnerships:

a. Independence Park Apartments, LP
b. Pico Plaza Apartments, LP
c. Sherman Park Apartments, GP
d. St. Andrews Gardens, LP
e. Blossom Hill Apartments, LP
f. Cienega Gardens, LP
g. Del Amo Gardens, LP
h. Las Lomas Gardens, LP
i. Skyline View Gardens, LP
j. Claremont Village Commons, GP
k. Covina West Apartments, LP
l. Del Vista Village, GP
m. DeSoto Gardens, GP
n. Kittridge Gardens One, LP
o. Kittridge Gardens Two, LP
p. Oxford Park, LP
q. Parthenia Townhouses, GP
r. Pioneer Gardens, LP
s. Puente Park Apartments, GP
t. Argonaut Apartments, LP
u. Beck Park Apartments, LP
v. Casa San Pablo, LP
w. Central Park Apartments, LP
x. Drehmoor Apartments, LP
y. Fairview Green Apartments, LP
z. Genesee Park Apartments, LP
aa. Grace & Laughter Apartments, LP

bb. Green Hotel, LP
cc. Hollywood Knickerbocker Apartments, LP
dd. Hollywood Plaza, LP
ee. Kings Canyon Apartments, LP
ff. Lawrence Road Apartments, LP
gg. Livermore Gardens, LP
hh. Palo Alto Gardens, LP
ii. Placita Garden Apartments, GP
jj. Rayen Park Apartments, GP
kk. Reseda Park Apartments, GP
ll. Roscoe Park Apartments, GP
mm. San Jose Gardens, LP
nn. Sunland Park Apartments, LP
oo. Villa Fontana, LP
pp. Village Green, LP

2. Plaintiffs in each of the cases set forth in paragraph one are developers who constructed apartment buildings with private loans insured by the Federal Housing Administration ("FHA" or "HUD") pursuant to section 221(d)(3) or section 236 of the National Housing Act, 12 U.S.C. § 1715l(d)(3). Generally, HUD required developers to stay in the insured housing program for 40 years, unless a developer prepaid the subsidized mortgage after 20 years and exited the program. Plaintiffs are separate partnerships and each owns or owned one apartment building.

3. In the 1980s, it became clear that large numbers of apartment building owners might attempt to prepay their HUD-insured mortgages and to terminate their participation in the section 221(d)(3) and section 236 programs. Accordingly, Congress enacted the Emergency Low Income Housing Preservation Act of 1987 ("ELIHPA"), 12 U.S.C. § 1715l note, and, subsequently, the Low Income Housing and Resident Homeownership Act of 1990 ("LIHPRHA"), 12 U.S.C. § 4101 et seq., which restricted the ability of program participants to prepay their mortgages and, consequently, terminate the low-income use restrictions imposed on the properties.

4. Subsequent to the enactment of ELIHPA and LIHPRHA, the plaintiffs in the cases listed in paragraph one filed suit in the United States Court of Federal Claims, raising a variety of claims, including but not limited to the breach of contract and the taking of property, including the prepayment right, without just compensation, under the Fifth Amendment to the United States Constitution.

5. In 1995 and 1996, the Court of Federal Claims granted summary judgment in favor of the plaintiffs on their breach of contract claims, but denied their motion for summary judgment on their takings claims. The Court dismissed their administrative law claims for lack of jurisdiction. Cienega Gardens v. United States, 33 Fed. Cl. 196 (1995); Cienega Gardens v. United States, 37 Fed. Cl. 79 (1996).

6. Subsequently, the parties selected four model plaintiffs (Sherman Park Apartments, Independence Park Apartments, St. Andrews Garden Apartments, and Pico Plaza Apartments, collectively "model plaintiffs") for the purposes of resolving damages upon the breach of contract claims.

7. After trial, on April 29, 1997, the Court awarded the model plaintiffs approximately $3.1 million in breach of contract damages. Cienega Gardens v. United States, 38 Fed. Cl. 64 (1997).

8. On December 7, 1998, the Court of Appeals for the Federal Circuit vacated and remanded the case, holding that no privity of contract existed between the model plaintiffs and HUD. Cienega Gardens v. United States, 194 F.3d 1231 (Fed. Cir. 1998).

9. On remand, the Court granted summary judgment in favor of the Government upon the ground that the model plaintiffs' takings claims were not ripe. Cienega Gardens v. United States, 46 Fed. Cl. 506 (2000).

10. On September 18, 2001, the Court of Appeals affirmed the dismissal of the model plaintiffs' per se takings claims, but held that their regulatory takings claims were ripe for adjudication. Cienega Gardens v. United States, 265 F.3d 1237 (Fed. Cir. 2001).

11. Subsequently, on June 12, 2003, the Court of Appeals reversed a grant of summary judgment to the Government with respect to the model plaintiffs' taking claims, holding that Congress had effected a compensable regulatory taking of the model plaintiffs' property. Cienega Gardens v. United States, 331 F.3d 1319, 1353 (Fed. Cir. 2003). As to the 38 plaintiffs for whom no trial record existed, the Court remanded for development of the facts. As to the model plaintiffs, the Court ordered that the original $3.1 damages earlier awarded on their contract claims be reinstated as just compensation for the taking, subject to reconsideration as to the proper measure of just compensation due.

12. Upon remand, the Court of Federal Claims severed the model plaintiffs' claims from the Cienega Gardens case and, following a trial, awarded the model plaintiffs a combined total of approximately $3.4 million in compensation. Independence Park Apartments v. United States, 61 Fed. Cl. 692 (2004).

13. Upon appeal, the Court of Appeals concluded that the trial court erred in decling to consider the effects of the Los Angeles Rent Stabilization Ordinance in its calculation of damages from the taking. Independence Park v. United States, 449 F.3d 1235, 1238 (Fed. Cir. 2006). The Court of Appeals also concluded that the Owners that had signed Use Agreements effectively extended their takings from 1995 until 2011 and 2012, thereby potentially increasing the award to which they are entitled. Id. at 1246-48. The Court of Appeals remanded the case to the Trial Court for a revised calculation of damages. Id. at 1248.

14. The following five plaintiffs then proceeded with discovery: Blossom Hill

Apartments, Cienega Gardens Apartments, Del Amo Gardens, Las Lomas Gardens, and Skyline View Apartments ("Cienega Gardens plaintiffs"). Because the Court perceived common elements in the cases, the Court combined the consolidated trial of the Cienega Gardens plaintiffs with the consolidated trial of three other plaintiffs on remand from Chancellor Manor v. United States, 331 F.3d 891 (Fed. Cir. 2003).

15. On August 29, 2005, following a trial on liability and damages, the Court produced a dual-captioned, combined opinion, concluding that the Government had temporarily taken plaintiffs' contractual rights to prepay their mortgages. Cienega Gardens v. United States, 67 Fed. Cl. 434 (2005). The Court awarded $30,274,570 in just compensation, plus interest, to the Cienega Gardens plaintiffs. Amen. Order for Entry of Final J., Cienega Gardens v. United States, 46 Fed. Cl. 506 (Nov. 22, 2006) (No. 94-1--C).

16. On September 25, 2007, the Court of Appeals vacated the judgment, reversed the trial court's holding, and remanded the cases "for a new Penn Central analysis under the correct legal standard." Cienega Gardens v. United States, 503 F.3d 1266 (Fed. Cir. 2007).

17. On February 22, 2008, the Cienega Gardens plaintiffs filed a petition for writ of certiorari, which remains pending. Cienega Gardens, et al. v. United States, No. 07-1100 (U.S., Feb. 22, 2008).

18. The parties entered into negotiations designed to resolve amicably the claims of all 42 plaintiffs. By letter from plaintiffs' counsel dated March 12, 2008, a copy of which is attached as Exhibit A, the plaintiffs have offered to settle the claims of all plaintiffs in the cases listed in paragraph one in exchange for payment by the United States in the total amount of Thirty-Seven Million Dollars ($37,000,000) ("Settlement Amount") inclusive of interest, with each party to bear its own costs, attorney fees, and expenses. Plaintiffs will waive all attorney

fees and costs previously awarded or that may have accrued in these matters.

19. The plaintiffs' offer has been accepted on behalf of the Attorney General and the Solicitor General.

20. The United States shall remit the Settlement Amount to plaintiffs within 60 days of the execution of this Settlement Agreement by wire transfer payable to Goldrich & Kest Industries, LLC. The United States has no obligations with respect to the distribution of payments to individual plaintiffs, which shall be the sole responsibility of Goldrich & Kest Industries, LLC.

21. Upon payment of the Settlement Amount, the plaintiffs agree to join with the United States in promptly stipulating to the dismissal of these lawsuits with prejudice. The parties shall attach a copy of this settlement agreement to the stipulations of dismissal. The plaintiffs further agree immediately to withdraw their petition for writ of certiorari in Cienega Gardens, et al. v. United States, No. 07-1100 (U.S., Feb. 22, 2008).

22. Upon satisfaction of the terms set forth in paragraph 20, the plaintiffs release, waive, and abandon all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to the Government action involved in these cases, regardless of whether they were included in the complaints, including but not limited to any claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

23. This agreement is in no way related to or concerned with income or other taxes for which the plaintiffs are now liable or may become liable in the future as a result of this agreement.

24. The plaintiffs warrant and represent that no other action or suits with respect to the claims advanced in these suits is pending or will be filed in or submitted to any other court,

administrative agency, or legislative body. The plaintiffs further warrant and represent that they have made no assignment or transfer of all or any part of their rights arising out of or relating to the claims advanced in these suits. Should there be now or in the future any violation of the warranties and representations set forth in this paragraph, any amount paid by the United States pursuant to this agreement shall be refunded promptly by the plaintiffs, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes payment.

25. This agreement is for the purpose of settling these cases, and for no other. Accordingly, this agreement shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this agreement.

26. Plaintiffs' counsel represents that he has been and is authorized to enter into this agreement on behalf of the plaintiffs in the cases listed in paragraph one.

27. This document constitutes a complete integration of the agreement between the parties and supersedes any and all prior oral or written representations, understandings or agreements among or between them.

Agreed To:

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director
Authorized Representative of the Attorney General

EVERETT C. JOHNSON, JR.
Latham & Watkins LLP
555 11th Street, NW
Suite 1000
Washington, DC 20004
Tele: (202) 637-2200

KENNETH M. DINTZER
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, Rm. 8012
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0282

Attorneys for Plaintiffs

Date: 27 May 2008

Attorneys for Defendant

Date: 29 May 2008

# Exhibit A

Everett C. Johnson, Jr.
+1.202.637.2260
everett.johnson@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Barcelona, Brussels, Chicago, Frankfurt, Hamburg, Hong Kong, London, Los Angeles, Madrid, Milan, Moscow, Munich, New Jersey, New York, Northern Virginia, Orange County, Paris, San Diego, San Francisco, Shanghai, Silicon Valley, Singapore, Tokyo, Washington, D.C.

File No. 022956-0031

March 12, 2008

**CONFIDENTIAL**
**FOR SETTLEMENT PURPOSES ONLY**

Kenneth Dintzer, Esq.
Assistant Director
U.S. Department of Justice
Commercial Litigation Branch
Civil Division, Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530

Re: *Cienega Gardens v. United States* and Related Cases

Dear Mr. Dintzer:

Pursuant to our discussions, I write to provide a formal settlement proposal on behalf of the plaintiffs in *Cienega Gardens v. United States* and related cases.

On behalf of the plaintiffs in each of the 42 below-listed cases initially filed in the U.S. Court of Federal Claims, and pursuant to the terms herein, I propose to conclusively settle, release, and resolve all claims against the United States, including claims for attorneys' fees and all other fees and costs. This proposal includes the waiver of any and all attorneys' fees previously awarded by the U.S. Court of Appeals for the Federal Circuit. The cases are:

1. *Independence Park v. United States*, No. 94-cv-10001
2. *Pico Plaza v. United States*, No. 94-cv-10001
3. *Sherman Park v. United States*, No. 94-cv-10001
4. *St. Andrews Gardens v. United States*, No. 94-cv-10001
5. *Blossom Hill Apartments v. United States*, No. 94-10013
6. *Cienega Gardens Apartments v. United States*, No. 94-cv-1
7. *Del Amo Gardens v. United States*, No. 94-cv-10004
8. *Las Lomas Gardens v. United States*, No. 94-cv-10009
9. *Skyline View Apartments v. United States*, No. 94-cv-10029
10. *Claremont Village Commons* v. *United States*, No. 94-10002
11. *Covina West Apartments v. United States*, No. 94-cv-10003
12. *Del Vista Village v. United States*, No. 94-cv-10005
13. *DeSoto Gardens v. United States*, No. 94-cv-10006
14. *Kittridge Gardens I v. United States*, No. 94-cv-10007
15. *Kittridge Gardens II v. United States*, No. 94-cv-10008
16. *Oxford Park Apartments v. United States*, No. 94-cv-10010

LATHAM&WATKINS LLP

**CONFIDENTIAL**
**FOR SETTLEMENT PURPOSES ONLY**

17. *Parthenia Townhouses v. United States*, No. 94-cv-10020
18. *Pioneer Gardens v. United States*, No. 94-cv-10030
19. *Puente Park Apartments v. United States*, No. 94-cv-10040
20. *Argonaut Apartments v. United States*, No. 94-cv-10011
21. *Beck Park Apartments v. United States*, No. 94-cv-10012
22. *Casa San Pablo v. United States*, No. 94-cv-10014
23. *Central Park Apartments v. United States*, No. 94-cv-10015
24. *Drehmoor Apartments v. United States*, No. 94-cv-10016
25. *Fairview Green Apartments v. United States*, No. 94-cv-10017
26. *Genesee Park Apartments v. United States*, No. 94-cv-10018
27. *Grace & Laughter Apartments v. United States*, No. 94-cv-10019
28. *Green Hotel v. United States*, No. 94-cv-10021
29. *Hollywood Knickerbocker Apartments v. United States*, No. 94-cv-10022
30. *Hollywood Plaza v. United States*, No. 94-cv-10023
31. *Kings Canyon Apartments v. United States*, No. 94-cv-10024
32. *Lawrence Road Apartments v. United States*, No. 94-cv-10025
33. *Livermore Gardens v. United States*, No. 94-cv-10026
34. *Palo Alto Gardens v. United States*, No. 94-cv-10027
35. *Placita Garden Apartments v. United States*, No. 94-cv-10028
36. *Rayen Park Apartments v. United States*, No. 94-cv-10050
37. *Reseda Park Apartments v. United States*, No. 94-cv-10060
38. *Roscoe Park Apartments v. United States*, No. 94-cv-10070
39. *San Jose Gardens v. United States*, No. 94-cv-10080
40. *Sunland Park Apartments v. United States*, No. 94-cv-10090
41. *Villa Fontana v. United States*, No. 94-cv-10031
42. *Village Green v. United States*, No. 94-cv-10032

I am duly authorized by the plaintiffs in these cases to execute a settlement on their behalf.

Payment to Goldrich & Kest Industries, LLC, in the amount of thirty-seven (37) million dollars and delivered within sixty (60) days of the U.S. Department of Justice's final approval of this settlement will satisfy the obligations of the United States. Please do not hesitate to contact me at (202) 637-2260 if you have any questions.

Sincerely,

Everett C. Johnson, Jr.

Everett C. Johnson, Jr.
of LATHAM & WATKINS LLP